[Counsel of record listed on following page]

FILED
CLERK, U.S. DISTRICT COURT
JUN 17 2008
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| THE CALIFORNIA STATE UNIVERSITY RISK MANAGEMENT AUTHORITY, a public entity,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, an insurance company; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. CV-08-00710 ■(JWJx)<br><br>**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**<br><br>Removal Date: February 1, 2008<br>Trial Date: December 2, 2008 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/996388.2

STIPULATED PROTECTIVE ORDER RE:
CONFIDENTIAL INFORMATION

**Counsel for Plaintiff The California State University Risk Management Authority**

MORGAN, LEWIS & BOCKIUS LLP
MICHAEL JOHN MIGUEL, State Bar No. 145182
Email: mmiguel@morganlewis.com
RICHARD H. LEE, State Bar No. 223553
Email: richard.lee@morganlewis.com
JODI K. STANFIELD, State Bar No. 247143
Email: jstanfield@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: 213.612.2500
Fax: 213.612.2501

**Counsel for Defendant American International Specialty Lines Insurance Company**

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
THAD A. DAVIS, State Bar No. 220503
Email: thaddavis@quinnemanuel.com
SHANE H. MCKENZIE, State Bar No. 228978
Email: shanemckenzie@quinnemanuel.com
865 South Figueroa Street
Tenth Floor
Los Angeles, CA 90017
Tel: 213.443.3000
Fax: 213.443.3100

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/996388.2

2

STIPULATED PROTECTIVE ORDER RE:
CONFIDENTIAL INFORMATION

TO THE COURT AND ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

WHEREAS plaintiff The California State University Risk Management Authority and defendant American International Specialty Lines Insurance Company currently comprise all the parties to this action;

WHEREAS all the parties to this action contemplate that, during the course of discovery, certain "Confidential Information," as defined below, may be exchanged between them;

WHEREAS all the parties to this action desire such information to retain its confidential status notwithstanding the pendency of this lawsuit between them; and

NOW, THEREFORE, IT IS HEREBY STIPULATED BY AND AMONG ALL THE PARTIES TO THIS ACTION HERETO THROUGH THEIR RESPECTIVE COUNSEL OF RECORD THAT the following Order should immediately be entered by the Court as to discovery or disclosure in this case of private information, proprietary information, and information that is otherwise deemed "Confidential Information," as defined below:

## ORDER

Pursuant to the stipulation of the parties, and good cause appearing in accordance with Rule 26(c) of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED as follows:

1. For purposes of this Order, "Confidential Information" shall mean trade secret information – meaning information, including a formula, pattern, compilation, program, device, method, technique, or process that (i) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use, and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy – and other non-public information that is sensitive from a personal, business, or competitive standpoint, including, but not

1  limited to, the following categories of information that are designated as
2  "Confidential Information" by any of the supplying or receiving parties:
3  • employment or personnel documents and files;
4  • employee salaries, wages, and bonuses;
5  • employee absence and attendance records;
6  • employee sickness and injury information;
7  • workers' compensation records;
8  • password lists for proprietary software concerning workers'
9    compensation management and administration;
10 • employee confidential and non-disclosure agreements;
11 • employee payroll and tax information;
12 • employee lists from the parties' businesses containing confidential
13   personal information, such as salary data, addresses, telephone
14   numbers, and social security information; and
15 • past, present and future, and financial information relating to the
16   parties' and third parties' income, expenses, revenue, ongoing
17   business, and budgets.
18 "Information" is defined broadly to include information in any form, whether
19 provided in response to a request for information, in documents, or in testimony.
20 Information which is available to the public shall not be classified as Confidential
21 Information. "Document" is defined broadly to include tangible paper
22 documents as well as information stored electronically or by other means or on
23 other media. This Order applies equally to original information and documents
24 as well as derivatives thereof, including, but not limited to, copies, extracts,
25 excerpts, digests, compilations, and summaries.
26     2. This Order shall govern any document or information furnished by
27 any party to any adverse party in connection with the discovery and pre-trial
28 phases of this action. This includes, but is not limited to, material produced in

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/996388.2      4      STIPULATED PROTECTIVE ORDER RE:
CONFIDENTIAL INFORMATION

connection with initial disclosures or in response to demands for production of documents or other things; responses to interrogatories; responses to requests for admission; testimony and exhibits; and all copies, extracts, excerpts, summaries, compilations, designations, and portions of the foregoing. This Order also shall govern any document or information furnished by any third party pursuant to subpoena or otherwise in connection with this litigation, and third parties shall have the same rights and obligations under this Order as parties to this litigation.

3. A document containing Confidential Information will be subject to this Order when it is designated as confidential using the following procedure:

(a) The party producing the document shall review the document and make a good faith determination that the document contains Confidential Information. Each page of the document containing Confidential Information shall be marked with the legend "Confidential" or "Confidential – Subject to Protective Order."

(b) If, due to the passage of time, a document that may contain Confidential Information must be produced before the good faith determination can be made, then a provisional designation may be made in writing (e.g., in a letter or an e-mail). This provisional determination shall expire after fourteen (14) calendar days unless extended by mutual agreement or order of the Court. During this 15-day period, a party may designate pages of the document containing Confidential Information as subject to this protective order by re-producing those pages with the legend "Confidential" or "Confidential – Subject to Protective Order."

(c) Documents containing information designated as Confidential Information that are unintentionally produced without

designation as "Confidential" or "Confidential – Subject to Protective Order" may retroactively be designated. Such retroactive designation shall occur by notice in writing of the designated class of each document by Bates number within twenty-one (21) calendar days after production, shall be treated appropriately from the date written notice of the designation is provided to the receiving party, and shall not be deemed as waiving or impairing said protection. No party or third party shall have any liability due to disclosure of the information that occurred prior to such late designation.

4. A transcript containing Confidential Information may be designated as such using the following procedure:

    (a) Any party may provisionally designate a transcript as confidential by so stating on the record, or by so stating in a writing sent to all counsel of record within five (5) court days of the testimony. That designation shall extend for thirty (30) calendar days after the transcript is delivered to the designated party. During that 30-day period, the designating party shall, in good faith, determine which, if any, pages of the transcript actually contain Confidential Information, and shall notify all parties in writing of the specific pages and lines of the transcript which should be treated as Confidential Information thereafter. To the extent practicable, the designated pages of the transcript shall be marked "Confidential" or "Confidential – Subject to Protective Order." The 30-day provisional period may be extended by agreement of the parties or by order of the Court.

5.  Except as provided in this Paragraph 5, designated Confidential Information shall not be disclosed to any person or entity. Designated Confidential Information, including documents and transcripts so designated, may be given, shown, disclosed, made available, or communicated only to:

  (a) Counsel of record in this case, including paralegals and support staff members employed by such counsel;

  (b) The parties to this action to the extent that the person(s) to whom disclosure is made has a legitimate, good faith reason to be shown the Confidential Information and has agreed in writing to be bound by this Order in the form attached hereto as Exhibit "A";

  (c) The Court, including Court personnel;

  (d) Court reporters and videographers at deposition where Confidential Information is disclosed;

  (e) Any person that the parties stipulate in writing may be given Confidential Information;

  (f) Any person who authored or was an identified original recipient of the Confidential Information;

  (g) Any expert retained by a party, whether the expert is a consulting or testifying expert, provided that the expert has been designated in writing by notice to all counsel prior to any disclosure of Confidential Information to him or her, and agrees in writing to be bound by this Order in the form attached hereto as Exhibit "A"; and

  (h) A witness at a deposition, deposition preparation or at trial, but such witness shall not be permitted to retain a copy of the Confidential Information.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/996388.2

7

STIPULATED PROTECTIVE ORDER RE:
CONFIDENTIAL INFORMATION

6. This Order shall not bar any attorney of the parties hereto, in the course of rendering advice to his or her client with respect to this litigation, from conveying his or her evaluation of Confidential Information produced or exchanged in this litigation.

7. Documents and transcripts designated as containing Confidential Information shall not be used for any purpose by any person or party receiving them other than for this litigation. Notwithstanding anything else in this Order, however, no person or party shall be bound by the provisions of this Order regarding designated Confidential Information that is available to the public or otherwise known or available to that person outside the discovery process in this case.

8. Nothing shall be regarded as Confidential Information if it is information that either:

  (a) is in the public domain at the time of disclosure, as evidenced by a written document;

  (b) becomes part of the public domain through no fault of the other party, as evidenced by a written document;

  (c) the receiving party can show by written document that the information was in its rightful and lawful possession at the time of disclosure; or

  (d) the receiving party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

This provision shall not be construed so as to either expand or restrict the scope of information that shall be considered Confidential Information, except as expressly stated herein.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES
1-LA/996388.2
8
STIPULATED PROTECTIVE ORDER RE:
CONFIDENTIAL INFORMATION

9. Within thirty (30) calendar days of the conclusion of this litigation, all documents designated as containing Confidential Information other than pleadings, transcripts, attorney work product, and expert reports, shall be destroyed by the party or person receiving the document so designated. The conclusion of this litigation shall mean the date on which the litigation is finally terminated with no opportunity for further appellate or discretionary review.

10. Any document or transcript designated as containing Confidential Information to be filed in Court shall be filed under seal, and the caption of the document shall so state.

11. Nothing herein shall prevent a party from using any Confidential Information at trial or at any hearing, including motion hearings. However, the manner in which Confidential Information is to be disclosed at a trial or hearing shall be determined by the Court or by agreement of the parties. The party seeking to use Confidential Information under this paragraph shall comply with Paragraph 10.

12. If any party to this litigation having possession, custody, or control of any Confidential Information of an adverse party to this litigation, is served with a subpoena or other process or order from a non-party that would require the disclosure or production of designated Confidential Information, that party shall promptly:

    (a) Notify in writing the attorneys or record of the party claiming confidentiality of the Confidential Information sought by the subpoena or other process or order;

    (b) Furnish those attorneys with a copy of the subpoena or other process or order; and

    (c) Provide reasonable cooperation with respect to a procedure to protect the Confidential Information.

If the party asserting confidentiality makes a motion to quash or to modify

1  the subpoena, process, or order, there shall be no disclosure until the court has
2  ruled on the motion, and then only in accordance with the ruling, unless
3  disclosure prior to a ruling is required by law. If the party asserting
4  confidentiality does not make such a motion within fourteen (14) calendar days
5  of receipt of written notice and a copy of the subpoena, process, or order under
6  Paragraph 12(a) and (b) above, the person or party receiving the subpoena,
7  process, or order shall be entitled to comply with it, provided that the person or
8  party has fulfilled its obligations under this paragraph.

9      13.    A party shall not be obligated to challenge the propriety of a
10 designation as "Confidential – Subject to Protective Order" at the time made, and
11 a failure to do so shall not preclude a subsequent challenge thereto. In the event
12 that any party to this litigation disagrees at any stage of these proceedings with
13 the designation by the designating party of any information as Confidential
14 Information, there shall first be an attempt in good faith to resolve such dispute
15 via informal negotiation and agreement of the parties. If such negotiation fails to
16 resolve the dispute, the party challenging the designation of particular materials
17 may invoke this Order by objecting in writing to the party who has designated the
18 document or information as "Confidential – Subject to Protective Order" and the
19 bases for removal of such designation(s). The party designating such information
20 as "Confidential – Subject to Protective Order" shall be required to move the
21 Court for an order preserving the designated status of such information within
22 fourteen (14) calendar days receipt of the written objection, and failure to do so
23 shall constitute a termination of the restricted status of such item. The party
24 designating such information as "Confidential – Subject to Protective Order"
25 shall have the burden of showing that the transcript or document does contain
26 Confidential Information. The document or transcript shall maintain its
27 confidential designation pending resolution of the motion.
28

14. If Confidential Information is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall, immediately upon learning of such disclosure, inform the producing party of all pertinent facts relating to such disclosures, and shall make every reasonable effort to retrieve the Confidential Information and to prevent disclosure by each unauthorized person who received such information.

15. The Court retains jurisdiction to make amendments, modifications, deletions, and additions to this Order as the Court from time to time may consider appropriate, upon motion of any party or otherwise. The provisions of this Order regarding the use or disclosure of Confidential Information will survive the termination of this action, and the Court will retain jurisdiction with respect to this Order.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

16. The parties may propose amendments to this Order in writing and may seek by way of stipulation or motion to have the amendments entered by the Court.

Dated: June 7, 2008

MORGAN, LEWIS & BOCKIUS LLP
MICHAEL JOHN MIGUEL
RICHARD H. LEE
JODI K. STANFIELD

By: _____
Richard H. Lee
Attorneys for Plaintiff
The California State University Risk Management Authority

Dated: June 16, 2008

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
THAD A. DAVIS
SHANE H. MCKENZIE

By _____
Shane H. McKenzie
Attorneys for Defendant
American International Specialty Lines Insurance Company

**APPROVED AND SO ORDERED:**

Dated: June 17, 2008

By: _____
United States District Court

12     STIPULATED PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

# EXHIBIT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| THE CALIFORNIA STATE UNIVERSITY RISK MANAGEMENT AUTHORITY, a public entity,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, an insurance company; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. CV-08-00710 R (JWJx)<br><br>CERTIFICATE OF ACKNOWLEDGEMENT OF STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION |

I declare as follows:

I acknowledge that I have been given a copy of and have read and understand the Stipulated Protective Order Regarding Confidential Information (the "Order") entered in the above-captioned case presently styled *The California State University Risk Management Authority v. American International Specialty Lines Insurance Co.*, Case No. CV-08-00710 R (JWJx), in the United States District Court for the Central District of California, Western Division.

I agree to abide by the Order and not reveal or otherwise divulge to anyone, or use any of, the information designated as Confidential Information that is

disclosed to me, except in accordance with the terms of such Order. I agree to use Confidential Information under the Order solely for purposes of this litigation. I acknowledge that any violation of the Order may be punishable for contempt of Court or result in civil liability, or both, and agree to submit to the jurisdiction of the United States District Court for the Central District of California, Western Division, for all matters relating to such Order.

Dated: _____

_____
Signature of Declarant

_____
Printed Name

_____
Street Address

_____
City/State/Zip

_____
Telephone Number